RUSSELL (HALL v.). See Case No. 5.943.

RUSSELL (HAMILTON v.). See Case No. 5,-989.

## Case No. 12,156.
### RUSSELL v. HOWARD et al.

[2 McLean, 489.] [1]

Circuit Court, D. Illinois. June Term, 1841.

MORTGAGES—JUNIOR MORTGAGEE — EQUITABLE RELIEF.

1. A mortgagee has a right to pay off prior incumbrancers, and be substituted to their rights.

[Cited in Kittering v. Parker. 8 Ind. 53, note 1.]

2. Where two persons have liens on the same property for different debts, and one of them

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

has, also, a lien on other property, chancery will direct such property to be first sold, before that which is common to both liens.

In equity.

G. T. M. Davis, for complainant.

Mr. Hall, for defendants.

OPINION OF THE COURT. This is a bill to foreclose a mortgage executed by Howard to the complainant. The other defendants are judgment creditors, except the State Bank of Illinois, which is a subsequent mortgagee. The bank alone has answered, and states that it has a mortgage on a part of the premises, and prays that the other part may be first sold in satisfaction of the complainant's mortgage. To this the complainant objects, on the ground that the statute regulating the sale of real estate, which has been adopted by this court, gives to the complainant a right to elect what property shall first be sold in satisfaction. It is a well settled principle in equity that a subsequent incumbrancer may discharge prior liens, and be substituted to all the rights arising under such liens; and where two persons have a lien on the same property to secure different debts, and one of them has, also, a lien upon other property, a court of chancery will direct such property first to be sold in satisfaction of the separate lien, before that which is common to both liens. Findlay's Ex'rs v. Bank of U. S. [Case No. 4,791], and the authorities there cited; 2 Story, Eq. Jur. 480. In adopting the state rule, in regard to sales like this, the court did not change, or intend to change, this principle of equity. So far as the state practice can be followed, without counteracting any established rule of equity practice, it is adopted.

[For an action of ejectment, brought by the same parties, see Case No. 12,163.]