SAMUEL A. WAY *vs.* FRANCIS O. J. SMITH & another.

A promissory note containing a provision that it may be paid at any time before maturity, and that interest shall be deducted till due, is not negotiable.

CONTRACT. The first count was against F. B. Smith, as maker, and the second count was against Francis O. J. Smith, as indorser, of the following promissory note, made by F. B. Smith, and indorsed by Francis O. J. Smith:

"$11,472.74. Boston, June 3, 1870. Four months after date, at any bank in Boston, I promise to pay to Francis O. J. Smith, or order, eleven thousand four hundred and seventy-two dollars $\frac{74}{100}$, for value received, and if not paid at maturity, will pay interest on the same at the rate of three per cent. per month until paid, I having deposited with this obligation, as collateral security, with authority to sell the same without notice, either at public or private sale, or otherwise, at the option of the holder or holders hereof, on the non-performance of this promise, he or they giving me credit for any balance of the net proceeds of such sale remaining after paying all sums due from me to the said holder or holders, or to his or their order, forty first mortgage bonds of the Portland & Oxford Central Railroad Company of Maine, of the par value of forty thousand dollars. It is agreed that this

note may be paid at any time before maturity, and that interest at the rate of eighteen per cent. per annum shall be deducted till due. ($10,808.06.)" Writ dated May 25, 1871. *Ad damnum,* $15,000.

No service was made on F. B. Smith. At the trial at April term 1872 of the Superior Court, before *Putnam,* J., the signatures of the maker and indorser were admitted or proved, and the only question was, whether the instrument declared on was a negotiable promissory note, on which the plaintiff could, in his own name, maintain an action against the indorser.

The judge ruled, for the purposes of the trial, that the instrument was a negotiable promissory note, and the action might be maintained. A verdict was accordingly taken for the plaintiff for the amount of the *ad damnum.* If the ruling was correct, judgment to be entered on the verdict. If not correct, the case to be sent back for a new trial, or this court to make such order as might be proper upon the above facts.

*R. D. Smith,* for Francis O. J. Smith, cited *Gushee* v. *Eddy,* 11 Gray, 502; *Sears* v. *Lawrence,* 15 Gray, 267; *Davies* v. *Wilkinson,* 10 Ad. & El. 98; *Haskell* v. *Lambert,* 16 Gray, 592; *Hubbard* v. *Mosely,* 11 Gray, 170 ; *American Exchange Bank* v. *Blanchard,* 7 Allen, 333.

*G. S. Hillard & T. S. Harlow,* for the plaintiff. 1. The provision in regard to collateral security does not affect the negotiability of the note. It interposes no conditions and affects neither the time nor the amount of payment. A promissory note does not lose its negotiable character because another contract is contained in the same instrument. *Arnold* v. *Rock River Valley Union Railroad Co.* 5 Duer, 207. *Wise* v. *Charlton,* 4 Ad. & El. 786. *Fancourt* v. *Thorne,* 9 Q. B. 312. *Hodges* v. *Shuler,* 24 Barb. 68. *Treat* v. *Cooper,* 22 Maine, 203. *Osborn* v. *Hawley,* 19 Ohio, 130. *Briggs* v. *Lapham,* 12 Met. 475. *Lowery* v. *Steward,* 3 Bosw. 505. The collateral agreement leaves the payment as to all circumstances of time, amount and person as certain and as obligatory as before, and only provides for what shall be done in case of non-payment. 2 Parsons on Bills & Notes, 147.

2. The provision allowing payment before maturity on certain conditions does not affect the negotiability. The weight of principle and authority is in favor of this view. A note is negotiable if one certain time of payment be fixed, although in a certain specified event the option of another time of payment be given. *Goss* v. *Nelson*, 1 Burr. 226. *Kelley* v. *Hemmingway*, 13 Ill. 604. *Colehan* v. *Cooke*, Willes, 393. *Bristol* v. *Warner*, 19 Conn. 7. *Goodloe* v. *Taylor*, 3 Hawks, 458. *Hodges* v. *Shuler*, 24 Barb. 68. *Sears* v. *Wright*, 24 Maine, 278. *Jordan* v. *Tate*, 19 Ohio State, 586. *Pool* v. *McCrary*, 1 Kelly, 319. *Stevens* v. *Blunt*, 7 Mass. 240. *Cota* v. *Buck*, 7 Met. 588.

That is certain which may be rendered certain by computation. Here all the elements of computation are given in the note itself there is no more uncertainty in the amount to be paid than there is in every note made payable with interest. Every note payable on demand is subject to a contingency of time, since it is at the option of the holder when to make demand.

MORTON, J. The only question presented by this report is whether the instrument declared on is a negotiable promissory note. Without considering the other points discussed by counsel, the instrument contains one feature which is decisive of this question. It provides that " it is agreed that this note may be paid at any time before maturity, and that interest at the rate of eighteen per cent. per annum shall be deducted till due." This stipulation gives the maker the right to pay the note at any time before its maturity at his option, and such payment would discharge his contract. It renders the contract uncertain and contingent, both as to the time of payment and the amount to be paid, and is inconsistent with the essential character of a negotiable promissory note. The case of *Hubbard* v. *Mosely*, 11 Gray 170, is decisive of this case.      *New trial ordered.*