## James Mattison v. Owen R. Marks.

*Promissory notes: Second mortgagee: Payment: Equitable assignment: Subrogation.* The maker and endorser of a note secured by a mortgage are not released from their obligation to pay it by the fact that it has been taken up by the holder of a second mortgage with whom they had no relations. Payment of a first mortgage by a second mortgagee makes him in equity an assignee of such first mortgage, and he may resort to all suitable remedies to enforce payment.

*Pleadings: Declaration on special contract: Promissory notes.* If it can be shown that paper sued upon is not a promissory note, where the declaration treats it as such and is not adapted to the case of any other special contract, the suit will fail.

*Promissory notes: Time of payment.* A promise to pay "on or before" a day named, states the time for payment with sufficient certainty for the purposes of a promissory note. A note so drawn is due on the day named, and not before; the maker may pay it sooner if he chooses, but this would only be a payment in advance of his legal liability.

*Heard April 6.   Decided April 13.*

Error to Van Buren Circuit.

*Newton Foster,* for plaintiff in error.

*Richards & Barnum,* for defendant in error.

COOLEY, J.

The view of the circuit judge, that the evidence introduced on the part of the defendant tended to show the note in suit to have been paid by Almanson M. Mattison, appears to us untenable. This person, it appears, had a mortgage which covered the same premises as the mortgage which secured the note in suit. His mortgage he had foreclosed, and had become the purchaser of the property, but to protect his title it was necessary that the prior mortgage should be taken care of. This he could only do by purchasing it, or paying it off; but whichever form the transaction assumed, he would be entitled to be subrogated to the rights of the former holder, and might enforce payment from the parties who were responsible therefor. There is no ground on which the maker and endorser of the note secured by the first mortgage can claim that the taking up of that note by a second mortgagee, with whom they were in no way in privity, can operate to release them from their obligation to pay it. Whether the second mortgagee takes a formal assignment or not, such a transaction makes him in equity an assignee, and he is entitled to resort to all suitable remedies to enforce payment.—*Russell v. Howard,* 2 *McLean, 489; Downer v. Fox, 20 Vt., 388.*

This view will dispose of the case, unless the defendant is correct in the position he takes, that the paper sued upon is not a promissory note. If it is not, the suit must fail, because the declaration has treated it as such, and is not adapted to the case of any other special contract. The objection to this instrument is, that it promises to pay a certain sum of money "on or before" a day named; and this, it is said, is not a promise to pay on a day certain, and consequently cannot be a promissory note. We are

referred to *Hubbard v. Mosely, 11 Gray, 170,* in support of this view. That case certainly seems to support the position of defendant, and it is to be regretted, perhaps, that the learned judge who delivered the opinion did not deem it important to present more fully the reasons that led him to his conclusions, instead of contenting himself with a simple reference to the general doctrine that a promissory note must be payable at a time certain. It seems to us that this note is payable at a time certain. It is payable certainly, and at all events, on a day particularly named; and at that time, and not before, payment might be enforced against the maker. It is impossible to say that this paper makes the payment subject to any contingency, or puts it upon any condition. The legal rights of the holder are clear and certain; the note is due at a time fixed, and it is not due before. True, the maker may pay sooner if he shall choose, but this option, if exercised, would be a payment in advance of the legal liability to pay, and nothing more. Notes like this are common in commercial transactions, and we are not aware that their negotiable quality is ever questioned in business dealings. It ought not to be questioned for the sake of any distinction that does not rest upon sound reason, and we can discover no sound reason for the distinction here insisted upon.

The judgment must be reversed, with costs, and a new trial ordered.

GRAVES, CH. J., and CAMPBELL J., concurred.