CURTIS, *Adm'r,* v. HORN.

A promissory note, payable " on or before the first day of May next," is negotiable.

ASSUMPSIT. Plea, the general issue. Facts found by a referee. The suit is upon the following note: " For value received I promise to pay Charles Richey, or bearer, thirty dollars on or before the first day of May next, with interest annually.
　　　[Signed]　　　　　　　　　　　" WILLIAM HORN."

The note was dated, given for value, and indorsed to the plaintiff's intestate, before it was due.

*Ray, Drew & Jordan,* for the plaintiff.

*Fletcher & Fletcher,* for the defendant.

BINGHAM, J. It is said that the instrument sued being payable on or before a day named, the day of payment is uncertain, and that it is not a negotiable note. *Way* v. *Smith,* 111 Mass. 523; *Stults* v. *Silva,* 119 Mass. 137; *Hubbard* v. *Mosely,* 11 Gray 170; *Alexander* v. *Thomas,* 16 Ad. & E. 333. The St. 3 & 4 Ann, *c.* 9, does not provide that a promissory note must state a time of payment, therefore it was held that if there was a certain promise to pay, at a time that would certainly occur, though uncertain when, it was within the statute in this particular. *Colehan* v. *Cooke,* Willes's Rep. 393—S. C., Strange 1217.

It is now the common law, that where the payment is made to depend upon an event that is certain to come, and uncertain only in regard to the time when it will take place, the note or bill is negotiable. Edwards on Bills and Notes 142; Story on Prom. Notes, *s.* 27; *Wheatley* v. *Williams,* 1 M. & W. 533; *Andrews* v. *Franklin,* 1 Strange 24; *Carlon* v. *Kenealy,* 12 M. & W. 139; *Ernst* v. *Steckman,* 74 Penn. St. 13—S. C., 15 Am. 542; *Walker* v. *Woollen,* 54 Ind. 164—S. C., 23 Am. 639; *Mattison* v. *Marks,* 31 Mich. 421—S. C., 18

Am. 197; *Cota* v. *Buck*, 7 Met. 589. In *Ernst* v. *Steckman*, the dictum of Lord Campbell, in *Alexander* v. *Thomas*, is criticised, the case distinguished, and *Cota* v. *Buck* approved. In *Mattison* v. *Marks*, Judge Cooley disapproves of *Hubbard* v. *Mosely*, the case upon which the subsequent Massachusetts cases stand. Notes like this are common in commercial transactions, and the rule of the common law ought not to be changed except for good cause. The recent Massachusetts cases, cited by the defendant, place the conclusions arrived at upon common law grounds, yet they fail to state the reasons for overruling *Cota* v. *Buck*, and the law as held in other jurisdictions, and we are unable to see any.

*Judgment for the plaintiff.*

CLARK, J., did not sit.