## DODGE *v.* FULLER et al.

*(Circuit Court, W. D. Michigan, S. D. March 27, 1880.)*

MORTGAGES—REDEMPTION BY JUNIOR MORTGAGEE.

Under Comp. Laws Mich. 1871, § 6922, which provides that, in case mortgaged lands are redeemed after sale, the deed given on the sale shall be void and of no effect, a junior mortgagee, who redeems after sale, will be treated as an assignee of the prior mortgage, and entitled to interest at the rate per cent. which that mortgage bore, and not as the holder of an equitable lien for the money paid, with legal interest only.

In Equity. Suit to foreclose a mortgage.

WITHEY, J. The bill in this cause was filed to foreclose a mortgage made by the defendant Hettie Fuller to the complainant's assignee, William P. Hall, and also a certain mortgage executed by the same defendant to John Marley, and from which the complainant was compelled to redeem, for his protection, after a sale had been had upon foreclosure proceedings, instituted by advertisement under the statute. The complainant claims that this redemption put him in position of assignee of the mortgage, and it becomes necessary to determine whether the position taken by complainant is correct, as, if he is entitled to enforce the mortgage as assignee, he will be entitled to interest at the rate per cent. which the mortgage bore, viz., 10 per cent.; while if, on the other hand, he is simply entitled to an equitable lien for the money paid on redemption, he must content himself with the legal rate of interest, as equity cannot go so far as to make a contract for the parties, fixing the rate of interest. There is no question that, had the redemption occurred before any proceedings were had to foreclose the mortgage given to Marley, the complainant would have become in equity the assignee of such mort-

gage. Jones, Mortg. § 1086; *Mattison* v. *Marks*, 31 Mich. 421. It remains to be determined whether any different rule obtains where proceedings to foreclose have been taken, which have not terminated in a complete foreclosure by the expiration of the equity of redemption. Section 6922, Comp. Law 1871, provides, in effect, that in case of redemption after sale the deed given on the sale shall be void and of no effect. We think that the effect of the redemption by complainant was to annul the sale, and that, as the complainant was under no obligation to pay the mortgage, such payment will not in equity be treated as operating to discharge the same, but that, as in case of redemption before any proceedings to foreclose are taken, he will be treated as assignee of the mortgage lien. It follows that he will be entitled to interest upon this mortgage at the rate of 10 per cent.

Let a decree be entered in accordance with these views.