WILLIAM MAHONEY *vs.* JOHN FITZPATRICK & another.

Suffolk. Nov. 14, 1881. — June 29, 1882. MORTON, C. J., FIELD & C. ALLEN, JJ., absent.

A promissory note, payable "on demand or in three years from this date," with interest at a certain rate "during said term or for such further time as said principal sum or any part thereof shall remain unpaid," is not negotiable.

CONTRACT upon a promissory note for $300, dated August 12, 1878, signed by the defendants, payable to the order of Sallie McCushing, " on demand or in three years from this date," with interest at six per cent " during said term or for such further time as said principal sum or any part thereof shall remain unpaid ; " and by McCushing indorsed to the plaintiff. Writ dated August 3, 1880. Trial in the Superior Court, before *Pitman,* J., who ruled that the action could not be maintained ; ordered judgment for the defendants ; and reported the case for the determination of this court. If the ruling was erroneous, the judgment was to be set aside and the case to stand for trial ; otherwise, the judgment to be affirmed.

*P. J. Flatley & T. Flatley,* for the plaintiff.

*M. Holbrook,* for the defendants.

W. ALLEN, J. The question is whether the instrument declared on is a negotiable promissory note, on which an action will lie by the indorsee against the maker before the expiration of three years from its date. The plaintiff does not rely upon it as a note payable on demand, but contends that it is a promise to pay in three years at all events, and sooner if demand is made by the holder. Assuming this to be the true construction, the question is presented, whether a note payable at a time named therein, or earlier at the option of the holder, shown by a demand made, is negotiable. The objection is, that there is no certain time of payment fixed by the note. To be negotiable, a note must be payable at a time certain. The time of payment may be fixed by being named in the note, or made to depend upon some event which must certainly happen. Thus a note payable at a certain period after the death of the maker is negotiable, because the time of payment depends upon an event

which must certainly happen. So a note payable on, or a certain period after, presentment or actual demand made, is negotiable, because the presentment or demand, being an act of the holder contemplated in the making of the note, and necessary to give it effect, is deemed a certain event. *Clayton* v. *Gosling*, 5 B. & C. 360.

In the instrument under consideration, a time and an event are named, either of which without the other would make certain the time of payment; so, if both were used in connection to fix one time, as three years after demand, the note would be payable at a time certain. But they are used to designate two separate times, at either of which the note may, and at either of which it may not, become payable. It is not negotiable as payable at the time named, because, whether it will become payable at the expiration of three years is made to depend upon the uncertain event of a previous demand, and, while the time is certain to come, it is uncertain whether the note will then become payable. It is not negotiable as payable upon the happening of a certain event within the three years, because it is not certain that a demand will be made, — no demand being necessary to hold the maker, and the instrument itself assuming that such demand may not be made. It is not a note payable at a named time, because it may become payable before that time; it is not a note payable upon a certain event, because the event named may never happen. Whether it will become payable by lapse of time or by a demand is uncertain and contingent, depending upon the option of the holder. A note payable at a future day certain, or earlier at the option of the maker or of a stranger, is not payable at a time certain, and is not negotiable. *Way* v. *Smith*, 111 Mass. 523. *Stults* v. *Silva*, 119 Mass. 137. The case at bar comes within the principle of these decisions. A negotiable note includes not only the contract between the maker and holder, but also the contracts between the indorsee and indorser and maker. The objections to the negotiability of a note payable at a fixed time or earlier at the option of the holder, are as great as to a note payable at such time or earlier at the option of the maker. In the latter case, the note may be paid before the time named; in the former, it may become payable before that time. In the one case, the time when the note

may become payable is fixed, and it cannot become payable at any other time. The time of payment, as affects rights under the statute of limitations, rights of set-off, of equitable defences, of notice to indorsers, and all rights so long as any liability exists on the note, is fixed and certain. When the note is paid, the occasion of such rights ceases, and they become unnecessary. In the other case, the note may become payable before the expiration of the period named, and the rights of all parties, so far as they are affected by the time of payment, are contingent upon the exercise of his option by the holder of the note. The cases bearing upon the question are numerous and conflicting. We notice only those cited from our own reports. In *Stevens* v. *Blunt*, 7 Mass. 240, cited by the plaintiff, the court held that a note payable " by the twentieth of May, or when he " (the payee) " completes the building according to contract," was negotiable. No reasons are given; but in Story on Prom. Notes, § 28, the author, who was of counsel for the plaintiff, says of the case, that " the court held the instrument to be a valid promissory note, it being payable absolutely at a day certain (meaning the 20th of May)." In *Jillson* v. *Hill*, 4 Gray, 316, the action was between the original parties to the note, and the question of its negotiability did not arise. In *Cota* v. *Buck*, 7 Met. 588, the precise question presented in the case at bar does not seem to have been raised or considered by the court.

In the opinion of a majority of the court, the instrument declared on is not a negotiable promissory note, upon which an action will lie against the maker by an indorsee, upon a demand made by him within the three years.     *Judgment affirmed.*