## The Maryland Fertilizing and Manufacturing Company *vs.* Joseph H. Newman.

*Instrument not a Promissory note—Assignee of a Written agreement to pay money—Right to Declare as Assignee—Promissory Note.*

A written promise to pay a specified sum of money two months after date, and if not paid when due, to pay all costs and charges for collecting the same, with interest, is not, in legal contemplation, a negotiable promissory note, forasmuch as the costs and charges of collection, part of the sum agreed to be paid, are uncertain and contingent.

But while such instrument is not a valid negotiable promissory note, it is a contract for the payment of money, and the indorsee of the instrument may declare on such contract or agreement as assignee thereof.

A promissory note is a written promise, not under seal, to pay a certain sum of money *unconditionally.* If the note be wanting in this element, while it may be a valid specific agreement, and negotiable under the provisions of the Code, it cannot be treated as a valid negotiable promissory note to be passed by endorsement.

APPEAL from the Circuit Court for Talbot County.

The case is stated in the opinion of the Court.

The cause was submitted on brief to BARTOL, C. J., YELLOTT, MILLER, ALVEY, and IRVING, J.

*Charles H. Gibson,* for the appellant.

*William R. Martin,* for the appellee.

ALVEY, J., delivered the opinion of the Court.

The plaintiff in this case sues as indorsee of what is alleged to be a negotiable promissory note made by the

defendant, and the question is whether the instrument sued on is, in legal contemplation, a negotiable instrument or not. The question was raised in the Court below by a demurrer to the declaration; and the declaration avers that the defendant, on the 29th of Sept. 1880, by his promissory note, payable two months after date, promised to pay David C. Avery, or order, $93; payable at the Easton National Bank of Maryland; and if not paid when due, promised and agreed to pay all costs and charges for collecting the same, with interest; and that the said Avery indorsed the said note to the plaintiff, and the same was duly presented when due for payment, and was dishonored, etc. The Court below ruled the demurrer good, and entered judgment for the defendant, from which the plaintiff appealed.

A promissory note may, in brief, be defined to be a written promise, not under seal, to pay a certain sum of money unconditionally. At common law such note was not transferable, and by the decision of the Courts it was not allowed to acquire, by custom among merchants, the quality of negotiability. *Buller vs. Cripps*, 6 *Mod.*, 29; *Clerk vs. Martin*, 2 *Ld. Raym.*, 757. But by the *Stat.* 3 & 4 *Anne, ch.* 9, it was provided "that all notes in writing that shall be made and signed by any person, &c., whereby such person, &c., shall promise to pay to any other person, his, her, or their order, or unto bearer, *any sum of money mentioned in such note*, shall be taken and construed to be, by virtue thereof, due and payable to any such person, &c., to whom the same is made payable; and also every such note payable to any person, &c., his, her, or their order, shall be assignable or indorsable over, in the same manner as inland bills of exchange are or may be, according to the custom of merchants." The statute further provides that actions may be maintained on such notes by the payees, or the indorsees thereof, "in like manner as in cases of inland bills of exchange." By the statute, therefore, such promissory notes

are made commercial instruments, and when they are made payable to order or to bearer, they are indorsable and transferable as commercial paper, and are placed upon the same footing of inland bills of exchange. *Bowie vs. Duvall,* 1 *G. & J.,* 175.

It is true, no particular form of words is essential to constitute a valid promissory note or bill of exchange. But there are certain essential elements that every valid promissory note must contain, and the principal among these is a promise to pay a certain sum of money unconditionally. If the note be wanting in this respect, while it may be a valid specific agreement, and assignable under the provisions of the Code, it cannot be treated as a valid negotiable promissory note to be passed by indorsement. It is of great importance to the use and office of such commercial negotiable instruments as bills and notes, that they should be kept free of all conditions, and singular and unusual stipulations, such as we find on the face of the note in question, whereby their negotiability might be seriously clogged or impeded. It would appear to be the requirement of the statute, as well as of the long established custom of merchants, that the note, to be negotiable, should be certain and unconditional, and not be trammelled by conditions or contingencies of any kind. In the note declared on in this case, the stipulation for the payment of all costs and charges incurred in the collection of the note, introduces an element of uncertainty quite inconsistent with the degree of certainty required as to the sum to be paid. The costs and charges of collection could never, with accuracy, be known until the collection had been made complete; and hence, by coupling the certain sum mentioned in the note with that which is uncertain, and treating the note as an entire contract, it is for an unascertained sum, and therefore uncertain on its face as to the amount promised to be paid. This, as

we have seen, is not allowable in notes intended to be negotiable.

Notes of similar import to that declared on in this case have been under consideration in several of the State Courts of the country; but it would appear that the decided preponderance of authority is against holding such notes to be negotiable.

In *Woods vs. North*, 84 *Penn. St.*, 407, the note sued on contained a promise to pay to the order of the payee a certain sum of money, "and five per cent. collection fee, if not paid when due;" and in that case, it was held, that the note was not negotiable, and that the indorser thereon was not liable. That was greatly more certain as to the sum to be paid than the promise in this case; for there the rate of percentage for collection was fixed. The same doctrine is, in express terms, affirmed, in the recent case of *Johnson vs. Speer*, 92 *Penn. St.*, 227.

In the case of the *First National Bank of New Windsor vs. Bynum*, 84 *N. C.*, 24, the same principle was maintained, and the case of *Woods vs. North*, 84 *Penn. St.*, 407, applied and affirmed. And in the case of the *First National Bank of Trenton vs. Gaz*, 60 *Mo.*, 33, where the note, in addition to a sum certain promised to be paid, contained a stipulation to pay ten per cent. as attorney's fee, if the note was not paid at maturity and was placed in the hands of an attorney for collection, it was held, that such note was not a negotiable instrument. See also *Morgan vs. Edwards*, 53 *Wis.*, 599, and *Mahoney vs. Fitzpatrick*, 133 *Mass.*, 151. We might refer to several other cases holding the same proposition, but we deem it unnecessary.

In some few States different views have prevailed, and notes of similar import and character to that declared on in this case have been held to be negotiable, notwithstanding the stipulation to pay all costs and charges of collection; as in the cases of *Stoneman vs. Pyle*, 35 *Ind.*, 103; *Wyant vs. Pottorf*, 87 *Ind.*, 512; *Sperry vs. Horr*, 32

*Iowa,* 184, and *Seaton vs. Scoville,* 18 *Kans.*, 433. We cannot, however, adopt the reasoning of those cases.

In two or three States the stipulation in the note for the payment of costs and expenses of collection, on default of payment, has been treated as a stipulated penalty, and as such has been declared void; as in the cases of *Bullock vs. Taylor,* 39 *Mich.*, 137, and *Witherspoon vs. Musselman,* 14 *Bush,* 214. But to declare such stipulation void, in order to maintain the negotiable character of the note, is certainly a strong thing for the Court to do, unless it clearly contravened some established principle of law. Parties have the right to make their contracts in what form they please, provided they consist with the law of the land; and it is the duty of the Courts so to construe them, if possible, as to maintain them in their integrity and entirety. While the instrument under consideration may not be a valid negotiable promissory note, it does not, by any means, follow that it is not a valid contract of another description.

In the case of *Smith vs. Nightingale,* 2 *Stark. N. P. Cas.*, 375, by the instrument declared on the party promised to pay a sum certain, "and also all other sums that should be found to be due;" and it was held, that the instrument could not be declared on as a promissory note, even for the sum certain; and Lord ELLENBOROUGH said: "The instrument is too indefinite to be considered as a promissory note, for it contains a promise to pay interest for a sum not specified, and not otherwise ascertained than by reference to the defendant's books; and, since the whole constitutes one entire promise, it cannot be divided into parts." *Byles on Bills,* 70. And to the same effect is the case of *Ayrez vs. Fearnsides,* 4 *M. & W.*, 168. Here all the terms of the instrument have been treated as an entire promise, and so declared on by the plaintiff, suing as indorsee of the note.

The judgment of the Court below must be affirmed; but as the plaintiff may desire to amend, and to declare

on the special agreement as assignee thereof, we shall remand the cause to that end.

*Judgment affirmed,*
*and cause remanded.*

(Decided 16th November, 1883.)