### J. L. & D. S. RIKER *vs.* A. & W. SPRAGUE MANUFACTURING COMPANY *et al.*

The reservation in a promissory note of the "right to pay this note before maturity, in instalments of not less than five per cent. of the principal thereof at any time the semi-annual interest becomes payable," does not render the note uncertain as to amount or time of payment, and does not prevent the note being negotiable.

If the time of payment named in the note must certainly come, although the precise day may not be specified therein, it is sufficiently certain as to time to be negotiable.

The indorsers of a promissory note formally and generally waived in writing demand upon the maker and notice to themselves of non payment, and filed this waiver with the trustee

and mortgagee of a mortgage deed securing the note.   Subsequently, in an action against the indorsers, the plaintiffs, holders of the unpaid note, set out in their declaration this waiver, which had never been revoked.

*Held,* that the plaintiffs were entitled to recover without offering proof of protest of the note.

DEFENDANTS' petition for a new trial.

*March* 1, 1884.  TILLINGHAST, J.  This case and the following one are actions, this case against the maker and indorsers, and the following one against the indorsers only, of a large number of promissory notes, set out and declared on by the plaintiffs as negotiable, and are tried together, by agreement of parties, upon the defendants' petition for a new trial, in each case on the ground of certain alleged misrulings by the court at the jury trials, and also that the verdict was against the evidence in each case.   The questions raised by the exceptions to the ruling of the court in this case, in so far as they were relied on at the trial, are : *first,* whether the notes declared on are negotiable; and *second,* whether there was a waiver by the indorsers of demand and notice, which excused the plaintiffs from proof thereof at the trial to the jury.

The notes are all in the following form, which is a copy of one of the notes in suit :

E.  No.        $1,000.

PROVIDENCE, *November 1st,* 1873.

Three years from January 1st, 1874, for value received, the A. & W. Sprague Manufacturing Company promise to pay to the order of A. & W. Sprague One Thousand Dollars, with interest from January 1st, 1874, payable semiannually, at the rate of seven and three tenths *per cent. per annum,* till said principal sum is paid, whether at or after maturity ; and all instalments of interest in arrear shall bear interest at the rate aforesaid till paid, but reserving the right to pay this note before maturity in instalments of not less than five (5) *per cent.* of the principal thereof, at any time the semiannual interest becomes payable.   Principal and interest payable at their place of business in said Providence.        AMASA SPRAGUE,

Countersigned,                                         Treasurer.

   Z. CHAFEE, Trustee.

Indorsed,

   A. & W. SPRAGUE.

*(Margin note, rotated:)* Secured by Mortgage.

The defendants contend that said notes are not negotiable for two reasons, namely : *first,* because the time of payment is uncertain ; and *second,* because the amount to be paid is also uncertain.

If either of these grounds is established, the notes must be held not negotiable, and this action, as against the indorsers at least, cannot be maintained; for it is elementary law, that amongst the essential requisites of a negotiable promissory note are certainty as to the amount to be paid, and certainty as to the time when the payment is to be made.

*First,* then, are the notes certain as to amount ?   They are each for a definite, fixed, and certain sum, and the payment of this sum is not subject to any uncertainty or contingency.   But the defendants urge that by reason of the reserved right on the part of the maker expressed in the body of the note, to pay the same before maturity, in instalments of not less than five per cent. of the principal thereof, at any time the semiannual interest becomes payable, the amount of the note is rendered uncertain.   We fail to see how the amount to be paid becomes any less certain by reason of this reservation.   Suppose part payment to be made at one of the stated periods provided therefor : that is a payment on the principal of the note, and simply reduces said principal by so much as is paid, leaving the note as definite as to amount as it was before ; so that although the amount actually due upon the principal of one of these notes at a given time in its existence might be different from the amount due at some other time, yet it would always be a fixed and certain amount, and the total sum payable would not be changed.   The object of the law, therefore, in requiring certainty as to amount as well as to time of payment, which is to give to negotiable paper as far as possible the quality of a circulating medium, like money, and practically to make it represent money, is fully met in a note in this form.

The cases in which it has been held that there was not that certainty as to amount to be paid which the law requires in negotiable paper are those, in the main, where the principal of the note could not be determined by anything which appeared therein : as where a promise was made to pay a certain sum, " and all fines according to rule," *Ayrey* v. *Fearnsides,* 4 M. & W. 168 ; or a certain sum, and also " all other sums which may be due," *Smith*

v. *Nightingale*, 2 Stark. 375 ; or a certain sum with interest, and also to pay " the demands of the sick club at, &c., in part of interest," *Bolton* v. *Dugdale*, 4 B. & Ad. 619 ; *Davies* v. *Wilkinson*, 10 A. & E. 98 ; or a certain sum deducting what interest or money A. may owe the maker, *Barlow* v. *Broadhurst*, 4 Moore, 471 ; or a certain sum together with all costs of collection including attorney's fees, *Jones* v. *Radatz*, 27 Minn. 240 ; *Maryland Fertilizing & Manufac. Co.* v. *Newman*, 60 Md. 584 ; *Johnston* v. *Speer*, 92 Pa. St. 227. These, and many others of like character, illustrate and make plain what is meant by the term " uncertain as to amount," as applied to promissory notes, and what degree of certainty is essential to render a note negotiable.

That no such uncertainty exists, however, in the notes declared on in the case at bar, is clearly manifest upon the most casual inspection thereof; and we conclude that, so far as certainty in amount is concerned, they unquestionably come within the rule which the adjudged cases make.

*Second*, then, are they certain as to the time of payment ? And upon this point let us first ascertain what degree of certainty is meant by this expression. We think the rule of law is clearly this, namely : " *that if the time of payment named in the note must certainly come, although the precise day may not be specified therein, it is sufficiently certain as to time.* In other words, it must not depend upon any contingency : as, " when A. shall marry," *Pearson* v. *Garrett*, 4 Mod. 242 ; or when a certain ship shall arrive, *Coolidge* v. *Ruggles*, 15 Mass. 387 ; *Grant* v. *Wood*, 12 Gray, 220 ; *Palmer* v. *Pratt*, 2 Bing. 185 ; or when a certain suit is determined, *Shelton* v. *Bruce*, 9 Yerg. 24. See, also, *Woodbury, Williams & English* v. *Roberts*, 59 Iowa, 348. And here the maxim, *Id certum est quod certum reddi potest*, is applicable, although perhaps it is not as to the amount.

So in *Cota* v. *Buck*, 7 Met. 588, it was held, Shaw, C. J., delivering the opinion of the court, that a note in the following form, namely: " For value received I promise to pay J. P. or bearer $570.50, it being for property I purchased of him in value at this date, as being payable as soon as can be realized of the above amount for the said property I have this day purchased of said P., which is to be paid in the course of the season now coming," was

a negotiable promissory note, on the ground that it was payable at all events within a limited time, namely, "the coming season;" and that whether that meant "harvest time or the end of the year, it must come by mere lapse of time, and that must be the ultimate limit of the time of payment."

So, also, in *Curtis* v. *Horn*, 58 N. H. 504, a note payable "on or before the first day of May next," was held to be negotiable. In delivering the opinion of the court in that case, Justice Bingham said: "It is now the common law, that where the payment is made to depend upon an event that is certain to come, and uncertain only in regard to the time when it will take place, the note or bill is negotiable." In *Mattison* v. *Marks*, 31 Mich. 421, it was held that a promise to pay "on or before" a day named stated the time for payment with sufficient certainty. In that case Cooley, J., said: "The legal rights of the holder are clear and certain : the note is due at a time fixed, and is not due before. True, the maker may pay sooner if he shall choose, but this option, if exercised, would be a payment in advance of the legal liability to pay, and nothing more. Notes like this are common in commercial transactions, and we are not aware that their negotiable quality is ever questioned in business dealings." See, also, Edwards on Bills and Notes, 142 ; Story on Promissory Notes, § 27 ; *Wheatley* v. *Williams*, M. & W. 533 ; *Ernst* v. *Steckman*, 74 Pa. St. 13 ; Daniel on Negotiable Instruments, §§ 43, 48.

Indeed the cases have gone so far in this direction as to hold that a note payable within a limited time after the death of a person named is sufficiently certain as to time. *Cooke* v. *Colehan*, 2 Strange, 1217, *Colehan* v. *Cooke*, Willes, 393. So, also, it has been repeatedly held that notes payable in instalments at fixed dates are negotiable. *Van Buskirk* v. *Day*, 32 Ill. 260 ; *Carlon* v. *Kenealy*, 12 M. & W. 139.

The cases of *Way* v. *Smith*, 111 Mass. 523, and *Stults* v. *Silva*, 119 Mass. 137, cited by the defendants, seem to support their position in the case at bar ; but we prefer the reasoning of the court in *Cota* v. *Buck*, *ante*, to that given in the subsequent case of *Hubbard* v. *Mosely*, 11 Gray, 170, upon which these cases seem to rest.

The case of *Carlos* v. *Fancourt*, 5 Term Rep. 482, cited by the defendants, was one in which the note was made payable out of a fund that should arise from the sale of certain property, and was therefore held not negotiable because not payable at all events. It is in harmony with nearly all of the more modern decisions upon that point, and doubtless states the law correctly ; Story on Promissory Notes, § 25 ; but we do not understand it to be seriously claimed in the case at bar, nor do we think it could be successfully claimed, that the notes are necessarily payable out of any particular fund or property ; or, in other words, that the payment thereof is based upon any contingency whatever.

The notes in suit are made payable three years from January 1, 1874, with the reserved right on the part of the maker to pay the same before maturity, in part or in whole, at any time when the semiannual interest becomes payable. They are payable at all events within a limited time, and payment cannot be enforced until the expiration of that time ; but the maker reserves an option within that limit of which he may avail himself if he sees fit. But even this option cannot be exercised except at certain periods which are definitely expressed in the notes.

We think that a note is negotiable if one certain time of payment is fixed, although the option of another time of payment be given.

As the notes in suit come clearly within both the letter and spirit of the rule which we have stated, we decide that they are negotiable promissory notes.

The only remaining question to be considered in this case is as to the correctness of the judge's charge to the jury relating to waiver of demand and notice. It was as follows : " You ought also to understand as a matter of law, that it has been proved by testimony sufficient that the defendants William and Amasa Sprague have waived any right they have under the law to have the payment of the notes demanded and protested. That the plaintiffs are to be excused for not offering proof of protest."

This charge was based upon the following state of the proof in the case, namely : Zechariah Chafee, the person who countersigned said notes as " trustee," testified that on or about December 27, 1876, the defendants Amasa and William Sprague exe-

cuted and delivered to him a paper, of which the following is a copy, namely:

TO ALL WHOM IT MAY CONCERN:

We the undersigned, William Sprague and Amasa Sprague, both individually and as copartners, under the firm name of A. & W. Sprague, do hereby severally waive demand for payment upon the maker and notice of non payment to us as indorsers, both as to principal and interest, upon all the outstanding notes by whomsoever held, made by the A. & W. Sprague Manufacturing Company, payable to the order of us the said A. & W. Sprague, and by us indorsed, dated November 1, 1873, and payable three years from January 1, 1874, with interest as in said notes specified, heretofore issued under our mortgage deed to Zechariah' Chafee as trustee, and agree that no omission to make such demand or to give such notice to us of non payment shall in any wise discharge or affect our liability as indorsers upon such outstanding notes or any or either of them.

WM. SPRAGUE,

Providence, December 27, 1876.          AMASA SPRAGUE.

Witness, CHARLES B. GOULD.

He also testified that it was delivered to him for the protection of the holders of the Sprague mortgage notes; that he had communicated its contents or the purport thereof to many of the holders of the Sprague notes, but could not say that he had to the plaintiffs, and that the paper had ever since been in his possession at the office occupied by A. & W. Sprague.

The waiver is in general terms, and expressly applies to all the outstanding notes by whomsoever held, made by the A. & W. Sprague Manufacturing Company, payable to the order of the said A. & W. Sprague, and by them indorsed, dated November 1, 1873, and payable three years from January 1, 1874. The notes in suit are a part of the issue referred to, and it is not claimed that they were not intended to be included in the waiver; but the defendants urge that, in the absence of evidence that the waiver was brought to the knowledge of the plaintiffs, it was ineffectual to excuse presentment and notice of dishonor, and that therefore the indorsers were not fixed with liability.

The plaintiffs claim: *first*, that Chafee was trustee for the cred-

itors holding the notes secured by the trust mortgage, and that as such he was the agent of the creditors, and consequently the delivery of a waiver to him was a delivery to all the creditors whose agent he was, and was sufficient, even without proof of delivery of the waiver or notice of the same to any creditor ; *second*, that as it does not appear that the indorsers ever revoked or attempted to revoke this waiver previous to the filing of the declaration in this suit, and it was certainly communicated to the plaintiffs and accepted by them before that time, as is conclusively shown by the fact that it is set forth in their declaration as an excuse for not alleging demand and notice, it therefore continued in force and open to their acceptance at any time until revoked; *third*, that the waiver being in general terms and evidently showing an intention to be for the benefit of *all* creditors holding similar notes, the indorsers are estopped from denying to the plaintiffs the benefit of the waiver.

As to the last claim, which we will consider first, we think it is clearly untenable ; it being well settled that "no man can set up another's act or declaration as the ground of an estoppel, unless he himself has been misled or deceived by it." 6 Wait's Actions and Defences, 685, and cases cited. He certainly was not misled or deceived by something which he did not know and therefore could not have acted upon.

As to the first claim, namely that of agency, we think that it has quite a strong showing of reason and is perhaps tenable, under the somewhat peculiar circumstances of this case ; but as we are satisfied with the second ground upon which the plaintiffs claim the benefit of the waiver, we will not decide as to the sufficiency of this.

Upon the second ground claimed by the plaintiffs, we think they are clearly entitled to the benefit of the waiver. It was a holding out or offer to them, in common with all the other holders of similar notes, of this waiver ; and being in such terms and made under such conditions, the plaintiffs could take advantage of it by acceptance at any time before it was revoked.

That they did thus take advantage of it by acceptance, when they filed their declaration in this case, is conclusively shown by the record, the waiver being expressly embodied in and made part of said declaration.

It therefore follows that the notes were properly admitted in evidence against the indorsers; and, there being no other defence than that concerning the negotiability of the notes, which we have already disposed of, that it was the plain duty of the court to direct a verdict for the plaintiffs.    The petition for new trial must, therefore, be denied and judgment entered on the verdict.

*Petition dismissed.*

*James Tillinghast & Edward K. Glezen,* for plaintiffs.

*Roger A. Pryor & Andrew B. Patton,* for defendants.

Note. — This case and the following one were heard together by Stiness, Tillinghast, and Carpenter, JJ.