JOHN T. RICHARDS *vs.* MILTON G. BARLOW & another.

Hampden.    Sept. 22. — Oct. 31, 1885.    FIELD, C. ALLEN, & GARDNER, JJ., absent.

In an action in this Commonwealth on a promissory note, made and payable in another State, the question whether the note is negotiable is, in the absence of evidence of the law of such State, to be determined by the common law, and the St. of 3 & 4 Anne, c. 9, as declared by the decisions of this Commonwealth.

A promissory note, payable "ninety days after date," and containing on its face a power of attorney authorizing a confession of judgment "at any time hereafter," is not negotiable.

A promissory note, made and payable in another State, contained on its face a power of attorney "to confess a judgment without process in favor of the holder of this note." Judgment was rendered against the maker of the note, in favor of an indorsee, by a court of the State where it was made, upon a confession of judgment by virtue of the warrant of attorney contained in the note. The judgment creditor then brought an action on the judgment in this Commonwealth. *Held*, that, although the note was not negotiable according to the law of this Commonwealth, the action could be maintained.

CONTRACT, in two counts, against Milton G. Barlow and George Wilson, described as doing business under the firm name of Barlow, Wilson, and Company.

The first count was upon the following promissory note: "$4,430.14.    Chicago, Ill., Dec. 15, 1882.    Ninety days after date, for value received, we promise to pay to the order of Jno.

B. Jeffery four thousand four hundred thirty and fourteen one-hundredths dollars, at the Chicago National Bank, with interest at eight per cent per annum after due until paid. And to secure the payment of said amount we hereby authorize, irrevocably, any attorney of any court of record to appear for us in such court, in term time or vacation, at any time hereafter, and confess a judgment without process in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs and one hundred dollars attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.          Barlow, Wilson & Co. [Seal.]
Geo. Wilson. [Seal.] "

The note was indorsed by "Jno. B. Jeffery."

The second count of the declaration alleged that, on March 10, 1883, the plaintiff recovered in the Circuit Court of Cook County, in the State of Illinois, against George Wilson, one of the defendants, judgment for the sum of $4530.14 as damages, and $7.50 as costs; that, on said March 10, execution was duly issued on said judgment, and was returned in no part satisfied; and that the judgment remained in full force and unsatisfied, whereby an action had accrued thereon to the plaintiff to recover of the defendant the amount of the same, and interest thereon.

At the trial in the Superior Court, before *Rockwell,* J., the plaintiff put in evidence the note declared on, which it was admitted was signed by the defendant Wilson, who was a member of the firm of Barlow, Wilson, and Company.

The defendant thereupon requested the judge to rule that the note was not negotiable; and that no action could be maintained thereon in the name of the plaintiff. The judge so ruled.

The plaintiff, for the purpose of obtaining judgment against Wilson alone upon said judgment, then put in evidence, upon the second count of the declaration, a duly authenticated copy of the record of a judgment recovered in the Circuit Court of Cook County, Illinois, by John T. Richards, against the defendant Wilson, on the note now in suit, in an action in which judgment was entered on a confession of judgment by virtue of the warrant of attorney contained in the note.

The plaintiff asked the judge to rule that judgment might be recovered upon said judgment against Wilson. But the judge refused so to rule; ruled that an action could not be maintained against Wilson on said judgment; and ordered judgment for both defendants. The plaintiff alleged exceptions.

*G. Wells*, for the plaintiff.

*A. Hemenway*, for the defendants.

HOLMES, J. In the absence of any evidence to the contrary, we must assume that the question whether the note in suit was negotiable is governed by the common law, as amended or declared by the St. of 3 & 4 Anne, *c.* 9; see *Commonwealth* v. *Leach*, 1 Mass. 59, 61; *Goodwin* v. *Robarts*, L. R. 10 Ex. 337, 350; and we must assume that that law is as declared by the Massachusetts decisions. It has been decided in Massachusetts that a note payable at a future day certain, or earlier at the option of the holder, is not negotiable. *Mahoney* v. *Fitzpatrick*, 133 Mass. 151. See *Stults* v. *Silva*, 119 Mass. 137. The obligation to be gathered from the four corners of the present instrument is similar. The promise, taken by itself, is absolute, to pay in ninety days from date; but the power of attorney on the face of the note authorizes a confession of judgment " at any time hereafter," and we must construe these words as meaning. at any time after the date. See *Adam* v. *Arnold*, 86 Ill. 185. We cannot distinguish such a case from *Mahoney* v. *Fitzpatrick*. For this reason, without considering whether there are any others, we must decide that the note was not negotiable. We do not rely upon the fact that it seems to have been under seal, because there was some difference between counsel as to the meaning of the bill of exceptions.

The ruling that an action could not be maintained against Wilson on the judgment recovered against him in Illinois was erroneous. The form of the ruling shows that it was not made on the technical ground that there was a misjoinder of counts against Wilson alone and against Barlow and Wilson jointly. No such objection seems to have been made at the trial, and no attempt is made to support the ruling on that ground. But it is argued that the jurisdiction of the Illinois court depended on the power of attorney contained in the note; and that, if the note was not negotiable, the scope of the power—"to confess a judgment

without process in favor of the holder of this note " — was confined to Jeffery, the payee. But we think it clear that the word " holder " was used in a sense which embraces any indorsee of the note. See *Ransom* v. *Jones*, 1 Scam. 291. The form of the instrument plainly imports that it was drawn on the assumption that it would be negotiable, and, even if this assumption was erroneous, it must be taken into account none the less, if necessary, in interpreting the meaning of the power. It is not argued that the power of attorney was invalid, or that we are not to assume proceedings in accordance with its terms to have been regular. See *Keith* v. *Kellogg*, 97 Ill. 147.

The jurisdiction of the Illinois court being established, we should be bound to respect the judgment, even if there were error of law apparent on the face of the record. But we cannot say that there is any such error, because, apart from other reasons, we cannot say that Illinois may not have statutes authorizing the assignee of a chose in action not negotiable to recover in his own name, although no such statute was put in evidence. See Ill. Rev. Sts. *c.* 98, § 4; *c.* 110, § 66.

If there is a statute as supposed, the jurisdiction might perhaps be supported, even if the word " holder " were confined to Jeffery, the original payee. For we are not prepared to say, that if, for any reason, he found it convenient to take a judgment in the name of an agent, that would not still be a judgment in his favor within the meaning of the power, and it does not appear that the plaintiff was not acting on his behalf.

*Exceptions sustained.*