## Milton National Bank, Appellant, *v.* Beaver.

*Promissory notes—Judgment notes—Act of May 16, 1901, sec. 5, P. L. 194.*
Under the Act of May 16, 1901, sec. 5, P. L. 194, the effect of a provision in a promissory note authorizing a confession of judgment before maturity is to make the note nonnegotiable.

Submitted March 8, 1904. Appeal, No. 6, Feb. T., 1904, by plaintiff, from order of C. P. Union Co., May T., 1903, No. 109, making absolute rule to open judgment in case of Milton National Bank v. Levi Beaver. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to open judgment entered on a judgment note.

From the record it appeared that the ground alleged for opening the judgment was that the note which had been given

by the defendant, to B. Cook, and upon which judgment had
been entered had been raised from $9.00 to $89.00.

MCCLURE, P. J., filed the following opinion :

The pivotal question is whether Beaver's note is a negotiable
or nonnegotiable instrument, for, if negotiable, it was so neg-
ligently drawn that it could be altered without creating the
least suspicion of the fraud in the mind of a purchaser; and if
it be nonnegotiable the evidence of the fraud perpetrated on
the maker by the payee is so clear and convincing as to pre-
clude a recovery of the money.  It is conceded all round that
the character of the instrument is fixed by the Act of 1901, P.
L. 194, and whether it be negotiable or nonnegotiable must
be determined by the interpretation of that statute.

By this act the negotiable character of an instrument is not
affected by a provision which " authorizes a confession of judg-
ment if the instrument be not paid at maturity " and a sum
payable is a sum certain although it is to be paid " with costs
of collection or an attorney's fee, in case payment shall not be
made at maturity."  The confession of judgment which does
not destroy the negotiability is, by the express language of the
act, confined to an authorization so to do at maturity.  Like-
wise a sum payable is not to be deemed uncertain if the note pro-
vides for an attorney's fee for collection if it be not paid at matu-
rity.  The argument is that as an attorney's commission cannot
be collected in any event until after maturity and demand made
upon the maker, a stipulation in the note for the payment of a
commission, without specifying the time when, is in legal effect
an agreement to pay it at maturity, hence a note so drawn is
negotiable by virtue of the statute.  I am inclined to this view
of the question and would hesitate before opening the judg-
ment to permit this defense to be made.

It is quite clear to me, however, that the authorization of
the entry of judgment " as of any term " contained in the note
destroyed its negotiability.  The statute expressly limits the
confession of judgment upon its nonpayment . at maturity.
Here the judgment could have been entered the day the note
was signed by Beaver and its commercial properties destroyed
at once, although it was not payable until three months after
its date.  This was one ground upon which the decision in

Overton v. Tyler, 3 Pa. 346, was based.   Chief Justice GIBSON says, at page 348, " payment was to be made, not as is usual at so many days after date, but at a distant day certain ; yet the negotiability of the note, if it had any, as well as its separate existence was instantly liable to be merged in a judgment, and its circulation arrested by the debt being attached, as an encumbrance, to the maker's land ; and it was actually merged when it had nearly three months to run.   Now it is hard to conceive how the commercial properties of a bill or note can be extinguished before it has come to maturity."   While the note in this case was not attached as an incumbrance to Beaver's land before maturity, it could have been.   The authority so to do was written upon its face, and I cannot conceive how the acts of persons into whose hands a paper falls can change its character so as to affect the maker.   When it leaves his hands it either bears the stamp of negotiability or it does not.

On principle then this note is not negotiable unless the statute has removed the obstructions to its course through the commercial world.   But that statute as we have seen is expressly limited to confessions of judgment upon nonpayment at maturity.   And as effect is to be given to every word of a statute in its interpretation, only upon a plain violation of this common rule of construction could a note with authority to enter judgment upon it at once be held to be negotiable.   It would be against the express language of the act, and while it was undoubtedly the purpose of the legislature to enlarge the class of negotiable instruments, I know of no reason for calling a paper a negotiable instrument which could be made nonnegotiable by the act of any person into whose hands it might fall before maturity.

And now, to wit : December 12, 1902, rule absolute, the judgment is opened to let in the defense of fraudulent alteration of the instrument as set out in defendant's petition, and a feigned issue is directed to be framed to try the question in dispute in which Levi Beaver shall be plaintiff and the Milton National Bank defendant.   When at issue to be placed at the head of the list for trial.

*Error assigned* was the order of the court.

*H. W. Chamberlin,* for appellant.

*J. C. Bucher*, for appellee.


OPINION BY RICE, P. J., July 28, 1904:

Section 5 of the negotiable instruments law of 1901, P. L. 194, declares that the negotiable character of an instrument, otherwise negotiable, is not affected by a provision which " authorizes a confession of judgment if the instrument be not paid at maturity." But the promissory note in question in this case authorized judgment to be confessed " at any term," and it is needless to say that the question of its negotiability is not affected by the fact that judgment was not actually entered upon it until after maturity. Prior to the act of 1901 it was settled law that such an instrument was not negotiable ; to hold that it was made negotiable by the section above quoted we must reject therefrom as surplusage the words, " if the instrument be not paid at maturity." For this so-called construction there is no warrant in the context; and if it were necessary, we think it could be shown that there are reasons which probably moved the legislature to distinguish between a note which authorizes a confession of judgment if not paid at maturity and one which authorizes a confession of. judgment at any time, and to declare that the former should be negotiable, while leaving the law as to the latter unchanged. It is unnecessary, however, to enter upon that discussion; it is enough to say that the legislature have described in plain and unambiguous language the provision that will not affect the negotiable character of an instrument, otherwise negotiable, and that the words " if the instrument be not paid at maturity " constitute an essential part of the description, which it is not within the province of the courts to disregard. We all concur with the learned judge below in holding that the effect of a provision in a promissory note authorizing a confession of judgment before maturity is to make the note nonnegotiable. His conclusion is so well sustained by the reasoning of his opinion as to render further discussion by us superfluous. In this view of the case it is unnecessary to consider the effect of the provision as to attorney's commissions.

Order affirmed and appeal dismissed at the appellant's cost.