# Hoverter, for the use of Fry, *v.* Consedine, Appellant.

*Promissory notes—Assignments of nonnegotiable instruments — Rights of assignee.*

The holder of a nonnegotiable promissory note stands in the place of the assignor, exposed to the defenses which might be set up against the assignor before he has given notice of the assignment. Any contract which the assignor made with the payee, the original creditor, by which the debt was extinguished, either in whole or in part, is binding and valid against the assignee. Payment by the maker to the payee before notice of assignment is good.

Where the holder of a nonnegotiable note has assigned the same, but failed to give notice to the maker, and the latter subsequently settles with the payee, the assignee cannot recover for the value of the note.

Argued October 2, 1923. Appeal, No. 98, Oct. T., 1923, by defendant, from judgment of C. P. Lebanon Co., Sept. T., 1919, No. 73, on verdict for plaintiff in the case of A. J. Hoverter, now for the use of Adam Fry, v. Joseph J. Consedine. Before ORLADY, P. J., PORTER, HENDER-

SON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit on nonnegotiable instrument.    Before
HENRY, P. J.

The facts are stated in the opinion of the Superior
Court.

The court directed a verdict in favor of the plaintiff
in the sum of $221.85, and judgment was entered thereon.  Defendant appealed.

*Errors assigned* were in directing a verdict and refusing defendant's motion for judgment non obstante
veredicto.

*Harry J. Schools,* for appellant.—The assignee of a
nonnegotiable note cannot recover against a maker who
has paid the payee named in the note after its maturity
but before notice of the assignment: Bury v. Hartman,
4 S. & R. 175; Gaullagher v. Caldwell, 22 Pa. 300;
Henry v. Brothers, 48 Pa. 70; Horstman v. Gerker, 49
Pa. 282; Foster v. Carson, 159 Pa. 477; Miller v. Bomberger, 76 Pa. 78; Rider v. Johnson, 20 Pa. 190.

*E. E. McCurdy,* for appellee.

OPINION BY GAWTHROP, J., November 21, 1923:

Defendant appeals from a judgment entered on a
directed verdict for plaintiff.  The suit was in assumpsit
by the assignee of a promissory note against the maker.
The note contained an authorization to confess judgment
before maturity.  This made it nonnegotiable: National
Bank v. Beaver, 25 Pa. Superior Ct. 494.  It became the
duty of the assignee to give notice of the assignment if
he would protect himself against subsequent payments
to the assignor.  He purchased but an equity and stands
in the place of his assignor exposed to the defenses which
might be set up against the assignor before he has given

notice of the assignment.    Down to the moment of notice
the debtor might do whatever he could legally have done
if no assignment had been made.    Any contract which he
made with the payee, the original creditor, by which the
debt was extinguished, either in whole or in part, was
binding and valid against the assignee.    Payment by the
maker to the payee before notice of assignment is good.
This rule is so well settled and the reason therefor has
been stated so many times by our Supreme Court that
discussion is unnecessary.    It is sufficient to cite Bury
v. Hartman, 4 S. & R. 175; Gaullagher v. Caldwell, 22
Pa. 300; Henry v. Brothers, 48 Pa. 70; Rider v. John-
son, 20 Pa. 190.    The only witnesses called at the trial
were plaintiff and defendant.    There was evidence to
justify the jury in finding the facts, of which the follow-
ing is a statement: Hoverter, the payee of the note, was
a life insurance agent.    He sold defendant, Consedine,
two life insurance policies with the understanding that
Hoverter would purchase from Consedine, who was a
jeweler, goods from time to time which were to be set off
against the premiums on the policies.    As the premiums
became due, Consedine gave Hoverter, from time to time,
his nonnegotiable notes in payment thereof, and one of
these notes, the note in suit, came into the possession
of plaintiff by purchase on or about the date of the note, of
which fact Consedine had no knowledge.    About a year
later Hoverter came to Consedine and demanded a set-
tlement of their respective accounts and notes.    Hoverter
calculated all of the premiums on the insurance policies,
including the premium for which the note in suit had
been given, deducted a book account held by Consedine
against Hoverter and a note outstanding, and claimed a
balance of $355.20, for which Consedine gave him a new
note, which note was subsequently paid.    At the time of
the settlement, Hoverter stated that the note in suit had
been paid by him at the bank and that he could not pro-
duce it because it had been lost in the mails.    About
fifteen months later plaintiff, through his attorney, noti-

fied Consedine of his possession of the note in suit and demanded payment. This was the first notice the maker had of any assignment of the note. Plaintiff admitted that he did not give defendant notice of the assignment until that time. In the light of evidence to establish these facts, plaintiff was not entitled to a directed verdict. The learned court below, in dismissing defendant's motion for judgment n. o. v., recognized the rule that the assignee of a non negotiable note stands in the shoes of the payee. But he seems to have had in mind that the evidence established, as a matter of law, that defendant knew the note had been assigned before he paid the debt, which was the consideration for the note. We are quite clear that the evidence was not even sufficient to submit to the jury on the question of notice. Plaintiff admitted that he never gave notice. Defendant said that the payee accounted for the nonproduction of the note by stating that it had been lost. This evidence was entirely insufficient to put defendant on further inquiry before he settled with the payee, if he did settle. Whether defendant did pay Hoverter the consideration for which the note had been given depends upon oral testimony, which had to go to the jury, and this was the only fact for that tribunal. Defendant was entitled to an instruction that the verdict should be in his favor, if they believed it to be a fact as testified by him that he paid Hoverter the consideration for which the note in suit had been given.

The first and third assignments of error are sustained, the judgment is reversed and a venire facias de novo awarded.