## Bruner Piano Company, to use, v. Madonna.

*Willis G. Kendig* and *F. Lyman Windolph*, for rule.

*George Ross Eshleman*, contra.

GROFF, J., June 23, 1928.—On March 3, 1928, the defendant in above judgment, entered in the Court of Common Pleas of Lancaster County, to January Term, 1928, No. 205, presented a petition alleging certain facts, and praying that the judgment be opened and that he, the petitioner, the defendant above, be let into a defense.

Upon this petition a rule was granted to show cause why the said judgment should not be opened, returnable the third Monday of March, 1928.

An answer was filed thereto, depositions were taken, the matter was argued, and we are now asked to decide whether the said rule should be made absolute or discharged. The facts are these: That on and prior to Feb. 19, 1927, one H. H. Bruner was engaged in the piano business in the City of Lancaster, Pennsylvania. On that date he sold to Salvatore Madonna one Kimberly Piano, No. 195306, and took in payment thereof $10 in cash, a promissory note for $485, and at the same time he had the defendant execute a bailment lease of the ordinary kind, providing for the payment of $10 in cash and $10 per month during the term of the lease. The lease contained the usual clauses permitting the bailor to repossess the piano, and also containing a warrant of attorney permitting the bailor to confess judgment against the bailee in default of payments as in the said lease provided.

The note was an ordinary promissory note, dated Feb. 19, 1927, and payable at the Farmers Trust Company of the City of Lancaster, Pennsylvania. Two days after it was signed and delivered to H. H. Bruner he took the same to the Farmers Trust Company of Lancaster, Pennsylvania, who purchased it and placed the proceeds to the credit of H. H. Bruner. Notice of this fact was subsequently given to Salvatore Madonna, the maker of the note, and he subsequently paid the note to the Farmers Trust Company of Lancaster, Pennsylvania.

The lease was, on May 12, 1927, assigned by Bruner to Jacob Doll & Son, Inc., who retained the same until Feb. 9, 1928, and then entered a judgment thereon in the Court of Common Pleas of Lancaster County, to January Term, 1928, No. 205, for the principal, as shown in the lease, with interest and a collection fee, amounting in all to $514.10. It is this judgment we are asked to open.

Neither the note nor the lease made a reference to the other paper given in payment of the piano. The question, therefore, is whether, under the facts as alleged and proven, this judgment should be opened.

While the petitioner sets forth in his petition that the note was given as collateral to the lease, we rather feel the transaction was analogous to one on a mortgage and bond. The bond is a primary security and the mortgage is the collateral. We, therefore, find that the note was a primary security and the lease a collateral.

A bailment lease in Pennsylvania corresponds very nearly with the chattel mortgage in other states, and we find that it has been decided in numerous states of the Union that: "A mortgage of either real or personal estate is but an accessory or incident to the debt, or the security which is given as the evidence of the debt. The assignment of the security passes the interest in the mortgage. The mortgage cannot exist as an independent debt. If by special agreement it does not accompany the security assigned, it is *ipso facto* extinguished and ceases to be a subsisting demand:" Langdon *v.* Buel, 9 Wendell (N. Y.), 80-84.

There was no notice given to Madonna of the transfer of the lease to Doll & Son, Inc., until after it was entered in the prothonotary's office; and prior to that time the note given in payment of the piano was fully paid to the trust company. The note passed by delivery, the trust company was a purchaser for value without notice, and Madonna paid without a notice of the transfer of the lease. We, therefore, think that the obligation created by the lease ceased to exist on the payment of the note.

Of course, as long as the note and the lease remained in the hands of Bruner, he could pursue either one of the securities, and could avail himself of either as long as the debt remained unpaid: Jennings *v.* Loeffler, 184 Pa. 318.

That case decides, and other cases following, by implication at least, that where a man holds two securities for the same indebtedness, and the debt is paid, his right to pursue the debtor ceases.

We feel that a lease passed by assignment is in the same position exactly as a non-negotiable promissory note, and we find the following to be the law in Pennsylvania: "The holder of a non-negotiable promissory note stands in the place of the assignor, exposed to the defenses which might be set up against the assignor before he has given notice of the assignment. Any contract which the assignor made with the payee, the original creditor, by which the debt was extinguished, either in whole or in part, is binding and valid against the assignee. Payment by the maker to the payee before notice of assignment is good:" Hoverter *v.* Consedine, 82 Pa. Superior Ct. 294.

There is nothing to show in this case from the facts as testified to that Madonna had any knowledge of the transfer of the lease prior to the time of his payment of the note.

And again referring to a lease of real estate, which is somewhat analogous to the transaction we are considering, we find that the court, in Landberg *v.* Equitable Investment Co., 292 Pa. 476, held that: "Where the lessor assigns the lease apart from the reversion, the relation of landlord and tenant is established between the assignee and the lessee, and the assignee takes subject to any equities between the lessor and lessee, as well as to the terms and conditions of the lease itself and the assignment."

And again: "Any contract made between the debtor and the original creditor by which the debt is extinguished, either in whole or in part, is binding and valid against the creditor's assignee, where no notice of its assign-

ment has been given to the debtor:" Florence *v.* D., L. & W. R. R. Co., 258 Pa. 456.

We, therefore, feel that equity and sound discretion require us to make the rule to open the judgment absolute. Rule made absolute.