In the Matter of the Probate of the Will of JOHN MESERVEY, Deceased.

(*March* 11, 1931.)

RICHARDS and RODNEY, J. J., sitting.

*Thomas C. Frame, Jr.,* for petitioner.
*James H. Hughes* for respondent.

Superior Court for Kent County, No. 65, February Term, 1931.

RICHARDS, J., delivering the opinion of the court:

The main question presented to the court in this case was decided in *Hudson v. Flood,* reported in 5 *Boyce* 450, 94 *A.* 760, 764.

In that case, as in the one now before us, one of the issues was whether one who takes an interest under a will as a beneficiary is a competent witness to prove its execution. In the above-mentioned case, the court construed *section* 3241 of the *Revised Code* of 1915, providing that the signature to every will must be attested and subscribed by two or more credible witnesses; also section 3242, providing that a creditor of a testator may be a witness to his will, containing a provision for the payment of his debt, and that a taxable might be a witness to a will containing a bequest for the benefit of the poor of the county by which his taxes were diminished; also section 4212, providing that no person shall be incompetent to testify in any civil action or proceeding whether at law or in equity, because he is a party to the record or interested in the event of the suit or matter to be determined. Sections 3241 and 3242 are referred to as the wills act and section 4212 is referred to as the enabling act. It was contended that section 3242, taken in connection with the will statute, "said to the people of this state that no other interested persons than those mentioned were competent to attest a will." Replying to this argument the court had this to say:

"We very much doubt that this statute, if it had been originally enacted subsequent to the enabling act, would have the effect claimed by the caveator; but we are not required to express any opinion on that question. It was enacted long before, and has not been re-enacted, since the passage of the enabling act, until the adoption by the Legislature of the Code of 1915, which was not only subsequent to the death of the testatrix, but after the will in question was offered for probate. The statute invoked cannot, therefore, have any application to the present case."

The testator in the case now before the court having died, and his will having been offered for probate subsequent to the adoption of the Code of 1915, which re-enacted the wills act, it is now contended this situation presents a different phase of the question than

the one passed upon in the case of *Hudson v. Flood*. There can be no doubt that the wills act and the enabling act were originally passed by the Legislature at different sessions, or that the wills act was passed long before the enabling act. They stood in the same relative position at the time they were construed by the court in the case of *Hudson v. Flood*. Does the fact that these acts were re-enacted by the Legislature as originally passed on the fourteenth day of October, 1914, in the form of the Code of 1915, place them in such a position that one can sustain the argument that the wills act was passed subsequent to the enabling act?

The Legislature of 1909 (25 *Del. Laws, c.* 253) passed a joint resolution, providing for the appointment of a commission to revise the public laws of the state and codify and arrange them under appropriate titles. Said resolution provided *inter alia* as follows:

Section 1.

"That a commission, to be known as The Revised Code Commission, * * * be and the same is hereby created with authority and power to revise and codify the public laws of the State of Delaware."

Section 3 (a).

"That the said Commissioners are directed to revise and codify, in a systematic and condensed form, all the statute laws of the State of Delaware of a public and general nature, and arrange the same under appropriate titles so as to compress the whole into the smallest practical volume.

"(b) That the commissioners are authorized to codify and arrange existing laws of the character herein contemplated, in such a manner, under such titles and in such language as to them shall seem best and as the nature and scope of the work may suggest, but in no case are the commissioners authorized to omit, add to, amend, alter, change or vary the meaning of any existing law to be embraced in the said work."

This citation from the resolution clearly shows that the commissioners named therein, were simply authorized to codify and arrange existing laws, not to change existing laws or propose new ones. The wills act appears in the Code of 1915, in the same language in which it appears in the Code of 1852, from which it likely was taken; and the enabling act appears in the Code of 1915, in the same language in which it appears in *Volume Sixteen of the Laws of Delaware, c.* 537, from which it likely was taken.

No one can accurately tell which of these acts was codified first or which was re-enacted by the Legislature first. Likewise, it is

impossible for any one to accurately say that the two acts do not now stand in the same position with respect to priority, as they did at the time of their original passage by the Legislature. As has been already pointed out the commission had no authority to omit, add to, amend, alter, change or vary the meaning of any existing law. It will be recalled that in the case of *Hudson v. Flood,* the court very much doubted if the passage of the wills act subsequent to the passage of the enabling act would have changed the situation.

We feel that the two acts stand in the same position today as they did when they were originally passed by the Legislature of this state, and that the following language used by the court in the case of *Hudson v. Flood* is applicable to this case with equal force:

> "We think it may be stated as a well-settled proposition of law, and generally recognized, that where there is no express language in the statute disqualifying persons taking an interest under the will from acting as attesting witnesses, and there is an enabling act such as ours, which contains no exception of attesting witnesses, persons taking an interest under the will are competent witnesses to prove its execution."

The appeal is, therefore, dismissed.