RODGER E. WOOLEYHAN *v.* GEORGE GREEN.

(*March* 31, 1931.)

HARRINGTON and RICHARDS, J. J., sitting.

*C. Edward Duffy* for petitioner, George Green.

*Walter J. Willis* for Rodger E. Wooleyhan.

*George L. Townsend, Jr.,* for himself, as Trustee for the Bankrupt Estate of Richard G. Buckingham.

Superior Court for New Castle County, No. 420, September Term, 1930.

RICHARDS, J., delivering the opinion of the court:

The reasons assigned by the petitioner, George Green, for the relief prayed for, are two:

First, that the note upon which judgment was entered against him in favor of Rodger E. Wooleyhan was non-negotiable;

Second, that by reason of the non-negotiable character of said note, its assignment did not meet the requirements of the statute and the judgment entered thereon in favor of Rodger E. Wooleyhan should be vacated.

The term negotiable signifies that the note or paper writing to which it is applied possesses the requisites of negotiability. Generally speaking, it applies to any written instrument given as a security, usually for the payment of money, which may be transferred by indorsement or delivery, vesting in the party to whom it is transferred or delivered a legal title upon which he can support a suit in his own name. 8 *C. J., p.* 51, § 51.

In 1895 the National Conference of State Boards of Commissioners for Promoting Uniformity of Legislation in this country, appointed a committee to draft a bill codifying the law of negotiable instruments. The draft of law entitled, "The Negotiable Instruments Law," was submitted to the annual meeting in 1896 and agreed on for recommendation to the State Legislatures. 8 *C. J., p.* 45, § 35.

It was adopted by this state in 1911 and has now been adopted by forty-three of the states.

Section 184 of "The Negotiable Instruments Law," being *section* 2828 *of the Revised Code of* 1915, defines a negotiable promissory note as follows:

"A negotiable promissory note within the meaning of this Chapter is an unconditional promise in writing made by one person to another signed by

the maker engaging to pay on demand[1], or at a fixed or determinable future time, a sum certain in money to order or to bearer."

The note in question is dated November 10, 1928, and contains a promise to pay ninety days after date, but this promise is followed by a provision authorizing the entry of judgment against the maker by the holder at any time after the date thereof, *without stay of execution.* It is contended that this authority to enter judgment at any time after the date of the note without stay of execution destroyed its negotiability because when the instrument is read as a whole it is not payable either on demand or at a fixed and determinable time.

Section 5 of "The Negotiable Instruments Law," being *Section 2649 of the Code of* 1915, contains the further provision:

"But the negotiable character of an instrument otherwise negotiable is not affected by a provision which * * * (2) Authorizes a confession of judgment if the instrument be not paid at maturity."

■■ As stated above, the note on which the judgment in question was entered was payable ninety days after date, yet it authorized the entry of judgment at any time after its date *without stay of execution.* Judgment might, therefore, have been entered and execution issued at any time after it was signed. While the fact that the note authorizes the entry of judgment at any time after its date, does not in express words change the date of payment, which it stated to be ninety days after date, yet it does in effect, because by the entry of judgment, and the issuance of execution the original position of the maker is so changed that he may be called upon to pay the debt at any time in order to prevent the sale of his property. If the committee appointed to draft the act intended to make notes payable at indefinite times after date, negotiable instruments, why did it provide in section 5 that the authorization of the entry of judgment at the maturity thereof should not affect its ne-

[1]Section 7 of the Negotiable Instrument Act (*section 2651, Rev. Code* 1915) provides—"An instrument is payable on demand: (1) Where it is expressed to be payable on demand, or at sight, or on presentation."

Sec. 10 of the same Act (*section 2654 of the Code of* 1915) also provides—"The instrument need not follow the language of this Chapter, but any terms are sufficient which clearly indicate an intention to conform to the requirements hereof."

gotiability? Recognizing the common-law rule of construction, that in order to ascertain the true meaning of a contract every portion of it should be considered, we hold that the note in question is neither payable on demand nor at a fixed and determinable future date, and is, therefore, not negotiable. *Milton Nat. Bank, Appellant, v. Beaver*, 25 *Pa. Super. Ct.* 494; *Johnson v. Phillips*, 143 *Md.* 16, 122 *A.* 7; *Wisconsin Yearly Meeting v. Babler*, 115 *Wis.* 289, 91 *N. W.* 678; *First Nat. Bank of Elgin v. Russell*, 124 *Tenn.* 618, 139 *S. W.* 734, *Ann. Cas.* 1913A, 203; *Richards v. Barlow*, 140 *Mass.* 218, 6 *N. E.* 68; *Brannon on Neg. Instr., p.* 63.

Having decided that the note in question is not a negotiable instrument, we are now called upon to determine whether the transfer thereof to Rodger E. Wooleyhan was sufficient to enable him to enter judgment thereon in his own name. It is payable to the order of R. G. Buckingham, signed by George Green, the maker, under seal but there is no attesting witness to his signature. The only evidence of an assignment to Wooleyhan, is the endorsement, "R. G. Buckingham," which appears on the back.

It must necessarily be classed as either a bond or specialty, the transfer of which is provided for by *section* 2627 *of the Code of* 1915, as follows:

"All bonds, specialties, and notes in writing, payable to any person, or order, or assigns, may be assigned or indorsed, * * * and the assignees, or indorsees, or their executors, or administrators, may, in their own name, sue for and recover the money due thereon; provided always, that all such assignments of bonds, or specialties, shall be under hand and seal, and before at least one credible witness."

In *Stayton v. Morris*, 4 *Harr.* 357, and *Messick, for the use of Atwell, v. Stafford*, 2 *Houst.* 243, the court held that notes under seal were specialties. The indorsement on the note under consideration was neither under seal nor was it before a credible witness. If we class it as either a bond or a specialty the indorsement does not meet the requirements of *Code section* 2627 and, therefore, the holder did not acquire such a title as would enable him to enter judgment on the note. There is no doubt that the power of attorney authorizes the entry of judgment in the Superior Court at the suit of the holder of the note, but this certainly means the legal

holder. It is contended the case of *Continental Guar. Corp. v. People's Bus Line,* 1 *W. W. Harr.* (31 *Del.*) 595, 117 *A.* 275, holds that an assignment of a note like the one in this case is sufficient, but we do not understand it to so hold. In that case certain contracts were entered into for the sale of certain property, each of said contracts providing that the purchaser should give to the seller a promissory note as evidence of the amount due on the installments to be paid under the contracts. An action of replevin was brought by the assignee of one of the contracts for the recovery of part of the property. The assignment of the contract was not under seal nor was it in the presence of a witness. The court held that the assignment was good under the common law, but expressly stated that the consideration of the promissory notes which accompanied the contracts was not involved. *Kinniken v. Dulaney,* 5 *Harr.* 384.

We hold that the judgment of *Rodger E. Wooleyhan v. George Green,* being No. 420, September Term, 1930, should be, and the same is hereby vacated and set aside.

Having decided that the judgment should be vacated, that portion of the prayer of the petitioner, George L. Townsend, Jr., Trustee in Bankruptcy for R. G. Buckingham, asking that he be made a party plaintiff to the judgment, falls.

Since the judgment has been vacated and stricken from the record the matter is no longer pending in this court; therefore, the remaining portion of his prayer, namely, that a rule issue directed to the plaintiff to show cause why an issue should not be granted to determine the petitioner's interest in the note is not before us for consideration.