Kaszer For Use *v.* Breyer et al., Appellants.

Argued April 24, 1931.

Before Trexler, P. J., Keller, Gaw-
throp, Cunningham, Baldrige and Drew, JJ.

*Morse J. Keller,* for appellant.

*W. T. Tredway,* for appellee.

Opinion by Keller, J., July 8, 1931:

The court below refused to open a judgment entered
by confession against the appellant and his son, Louis
Breyer, on the ground that the appellee, the use plain-
tiff, was an innocent purchaser for value of the notes
and therefore not subject to the defense which appel-

lant had against the payee and legal plaintiff. But the notes were not negotiable. They authorized an immediate confession of judgment, instead of merely a confession of judgment if not paid at maturity: Milton Natl. Bank v. Beaver, 25 Pa. Superior Ct. 494; Continental Guaranty Corp. v. Hughes, 81 Pa. Superior Ct. 264; Hoverter v. Consedine, 82 Pa. Superior Ct. 294; and hence the notes in the hands of the use plaintiff were subject to any defenses this appellant might have against the payee and legal plaintiff which existed prior to notification to appellant of the assignment of the notes.

The court below frankly said that there was sufficient testimony to support the averments of the petition to open as to Kaszer, "and if he were the plaintiff we would make the rules to open absolute;" but by an oversight treated the notes as if they were negotiable, and disposed of the case as if the use plaintiff were the holder in due course of negotiable paper; which it was not.

The petition and depositions presented a good defense on the part of this appellant to the notes as against Kaszer, the legal plaintiff, which existed long prior to any notice to appellant of the assignment of the notes. The defense would accordingly be valid as against the use plaintiff and the judgment should have been opened that it might be presented.

Order reversed, with directions that the judgment be opened as to appellant and that he be permitted to make defense to the same.