FINANCEAMERICA PRIVATE BRANDS, INC., Assignee of GTE Sylvania Incorporated formally [sic] known as Sylvania Electric Products, Inc., Plaintiff,

v.

HARVEY HALL, INC., et al., Defendants.

Superior Court of Delaware,
New Castle County.

Submitted Oct. 1, 1976.

Decided Oct. 6, 1976.

Thomas G. Hughes, of O'Donnell & Hughes, Wilmington, for plaintiff.

Clement C. Wood, of Allmond & Wood, Wilmington, for defendants.

TAYLOR, Judge.

I

One issue is based on the complaint and the accompanying documents. Defendant contends that plaintiff has no standing to bring this action as assignee of GTE Sylvania Incorporated because the assignment which is attached to the complaint does not comply with 6 Del.C. § 2702, in that the assignment was not executed before a credible witness. The assignment bears the signature of a senior vice president of GTE Sylvania Incorporated, bears an imprint seal which for purposes of this discussion

is conceded to be the seal of that corporation and in addition bears the signature of an assistant secretary of the corporation under the word "Attest". Defendant contends that the signature of the assistant secretary was a necessary signature to validate the corporate execution of the document and hence was not the signature of a witness.

It is noted that § 2702 deals with the assignment or endorsement of bonds, specialties and notes in writing payable to any person or order or assigns. Assuming that the instrument which defendants signed qualifies as a bond, specialty or note in writing and assuming that the validity of the assignment is governed by Delaware law, the question is whether the instrument executed by the corporation was required to have the signature of the assistant secretary to validate the instrument as a corporate instrument. Defendant relies on three cases: *Rabinovich v. Liberty Morrocco Co.*, Del.Supr., 2 W.W.Harr. 426, 125 A. 346 (1924); *Wooleyhan v. Green*, Del.Super., 4 W.W.Harr. 503, 155 A. 602 (1931); *Rissman v. Krenn & Dato Construction Co.*, 22 Del.Ch. 309, 2 A.2d 128 (1938). *Rabinovich* involved a corporate instrument in which the wrong corporate seal has been used—hence neither the holding nor the reasoning is applicable here. *Wooleyhan* involved an instrument signed by an individual, and not a corporation, in which there was no other signature which could be treated as a witness' signature. *Rissman* again involved an assignment which bore only the name of the assignor and lacked a witness' signature.

No statutory provision or authority has been cited in support of the proposition that a corporate instrument must be signed by more than one officer of the corporation in order to be a valid corporate instrument, unless a provision of the corporate charter or by-laws or resolution of the board of directors specifically requires more. Powers of corporate officers and mechanics such as the formality required for business documents have not been dealt with in the statute. Cf. *The Delaware General Corporation Law, Folk*, pp. 69–71. *Fletcher Cyclopedia Corporations* (Perm.Ed.), Vol. 7, § 3028, p. 94 after stating that the instrument should be signed by the president of the corporation merely states "it is the better practice for the secretary to sign also." This language indicates absence of a requirement that the secretary execute the instrument. § 2702 requires that the instrument be under seal. It does not appear that the signature of the secretary is necessary in order to validate the presence of the corporate seal. 6 *Fletcher Cyclopedia Corporations* (Perm. Ed.) §§ 2470-1, pp. 266–77. It is noted that basic corporate documents are required by statute to bear the signature of the secretary in addition to that of the president. 8 Del.C. § 103(a)(2).

■ I conclude that the signature of the assistant secretary of the corporation, in the absence of a showing of a specific requirement making his signature a prerequisite for a valid corporate instrument, was not required in order for this to be a valid instrument of the corporation.

■ § 2702 requires execution of the assignment by a credible witness. A credible witness is a person who is competent to give testimony in court. *Hudson v. Flood*, Del.Super., 5 Boyce 450, 94 A. 760 (1915); *In Re Meservey's Will*, Del.Super., 4 W. W.Harr. 482, 155 A. 593 (1931). An officer of the corporation may testify as to matters involving the corporation. *Italo-Petroleum Corporation of America v. Hannigan*, Del.Supr., 1 Terry 534, 14 A.2d 401 (1940). Since the signature of the assistant secretary was not required to validate the instrument as a corporate instrument, it can be considered as the signature of a competent witness.

It is noted that the assistant secretary's signature appears below the word "Attest". That word is defined to mean "to bear witness to; to affirm to be true or genuine."

*Black's Law Dictionary,* Revised, 4th Edition, p. 163. As a noun, the word "Attest" means a witness or the personal acts of authentication of genuineness. *First Nat. Bank v. Laperle,* 117 Vt. 144, 86 A.2d 635 (1952). The related word "attestation" is defined as "The act of witnessing the actual execution of a paper and signing one's name as a witness to that fact." *Ballentine's Law Dictionary,* p. 108; 1 *Bouvier's Law Dictionary,* p. 191. By the word "Attest" accompanying the signature, it is clear that the signature was intended to serve the function contemplated by § 2702.

For purposes of this motion, I conclude that the assignment satisfies 6 Del.C. § 2702.

## II

■ With respect to plaintiff's status as a foreign corporation, the complaint does not identify whether plaintiff is a legal entity, and if it is a corporation, what is its state of incorporation. Civil Rule 10(a). To this extent, the complaint is defective and should be amended within 10 days.

## III

■ With respect to the contention that plaintiff as a corporation is not entitled to bring this action because the complaint does not show that it has qualified to do business in Delaware as provided in 8 Del. C. §§ 371 and 372, and hence is barred from bringing this by virtue of 8 Del.C. § 383, the latter section only bars litigation by foreign corporations which have done business in Delaware without qualifying therefor. Nothing in the complaint supports the proposition that plaintiff has done business in Delaware.

On this motion to dismiss, the allegations of the complaint must be accepted as true and must be construed most favorably to plaintiff. *Barni v. Kutner,* Del.Super., 6 Terry 550, 76 A.2d 801 (1950); *Plant v. Catalytic Construction Co.,* Del.Super., 287 A.2d 682 (1972).

The issue of whether a corporate plaintiff has the capacity to sue is not required to be set forth in the complaint. Civil Rule 9(a). This Court held in *G. R. Sponaugle & Sons, Inc. v. McKnight Construction Co.,* Del.Super., 304 A.2d 339 (1973) that the issue of the capacity of a foreign corporation as limited by 8 Del.C. § 383 is a matter to be raised as provided in Civil Rule 9(a). That procedure has not been followed in this case.

## IV

The remaining issue is whether this action can be pursued against Anna Belle Hall. While the death of Harvey E. Hall and the insolvency of the principal obligor appear to be conceded by the parties for discussion purposes, these facts do not appear in the complaint. Hence, the Court will not consider this subject in connection with defendants' motion to dismiss.

However, if the parties by stipulation or otherwise supply the proper factual foundation necessary for a decision on the issue of the liability of the surviving co-guarantor, the Court will decide this issue upon the briefs previously filed together with any supplementary memoranda. The attorneys should confer with the Court.

## V

In summary, the motion of defendant is denied subject to plaintiff's amending the complaint within 10 days to set forth the fact that plaintiff is a corporation and the state of incorporation.

IT IS SO ORDERED.